**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:20-cr-00159-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     BRADLEY BUNN,

      Defendant.

---

**UNOPPOSED MOTION FOR AUTHORIZATION TO DISCLOSE GRAND JURY**
**MATERIAL, TO UNRESTRICT DOCUMENTS IN PART,**
**AND FOR A PROTECTIVE ORDER**

---

     The United States of America, through undersigned counsel, respectfully moves

the Court under Fed. R. Crim. P. 6(e)(3)(E)(i), 16(d)(1), and 49.1(e) for an order (1)

authorizing the government to disclose grand jury testimony, (2) modifying the

restriction of certain search warrants and affidavits so that they are viewable by the

parties, and (3) entering a protective order to address the handling of certain discovery

information and documents identifying individuals involved in the investigation of this

case.  A proposed, stipulated order granting this relief is attached.

     <u>Certificate of Conferral</u>: Undersigned counsel conferred with defense counsel

and understands that the defendant does not oppose the relief sought by this motion.

     In support, the government states as follows:

     1.     The defendant is charged in a five-count indictment for his alleged making

of pipe bombs (Count 1) and possession of pipe bombs (Counts 2-5).  The defendant

was arrested following the execution of two search warrants at his house on the morning of May 1, 2020, before he was to attend an armed rally at the Colorado Capitol. Those search warrants revealed four home-made devices consisting of galvanized steel pipes with end caps, filled with explosive powders, and five-to-seven second fuses.  No evidence suggests that the defendant intended to bring the pipe bombs to the rally.

2.      The discovery in this case will include the testimony of a witness before the Grand Jury.  It will also include law enforcement officers' restricted affidavits submitted in support of applications for federal search warrants.  Discovery will also include sensitive information such as the identifying information for confidential civilian witnesses and law enforcement officers involved in the investigation.

3.      Through this motion, the government seeks authorization to produce the grand jury and restricted materials, and proposes a method to protect the identifying information that, if disclosed publicly, would put witnesses at risk of violence.

Grand Jury Materials

4.      First, the government wishes to provide discovery to the defendant, including grand jury transcripts that contain *Jencks* Act material of a potential trial witness.  But it can do so only with the Court's approval in an order.

5.      Fed. R. Crim. P. 6(e), with various exceptions, prohibits the disclosure of "matters occurring before the grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(i), however, allows for Court-authorized disclosure of matters occurring before a grand jury, when such disclosure is "preliminarily to or in connection with a judicial proceeding."

6. The pending case against the defendant is a "judicial proceeding" and the government makes this request for disclosure "in connection with" such proceeding.

7. Because the grand jury proceedings (and the related transcript) remain secret, the government moves that disclosure be allowed only for purposes of defending this case, and such disclosure be made to the defendant and his attorneys only; that such transcripts and exhibits be maintained in the defense attorneys' custody; that such materials shall not be reproduced or disseminated; and such materials be returned to the United States at the end of this case.

<u>Restricted Materials</u>

8. Second, the government asks to modify the restriction level of certain search warrants and affidavits in support of search warrants so that they are viewable by the parties.  These search warrants and affidavits presently are restricted at level 3, limiting access to the government and the court, until further order of the court.

9. It remains important to keep these search warrants and affidavits under restriction for the reasons set forth in those motions and orders to restrict.

10. To facilitate the production of discovery to the defendant, but to continue to protect law enforcement interests in restricting these documents, the government asks the Court to authorize the government to disclose those documents to the defense, effectively modifying the restriction to Level 1 under D.C.Colo.LCrR 47.1(b).

11. With the Court's authorization, the government will undertake the obligation to produce those documents to the defense counsel, thus obviating any need to formally change restriction level settings in CM/ECF for the affected case numbers.

Protective Order

12.     Third, the parties have conferred as to appropriate protections to govern

the receipt, handling, use and eventual destruction of information identifying civilian

witnesses and law enforcement officers involved in the investigation.  As a result of that

discussion, the parties submit the attached protective order as a stipulated document.

13.     Fed. R. Crim. P. 16(d) provides that the district court may, for good cause,

deny, restrict or defer discovery or inspection or grant other relief including the issuance

of protective or modifying orders.  Similarly, under Fed. R. Crim. P. 49.1(e), a Court

may, for good cause, require redaction or restriction in court filings of more than the

standard personal identifiers.

14.     The government submits that good cause exists for the proposed

protective order to ensure that disclosure of sensitive information is limited to members

of the defense team for their use in preparing for trial.  The concerns here are twofold.

     a.  First, evidence in this case will show that the defendant, as well as

subjects with whom he communicated, made statements that encouraged

violence against individuals, including law enforcement officers, who were

involved in enforcing firearms laws.  Examples of these statements are

summarized in ECF # 32, and those full back-and-forth communications

are in Government's Exhibits 18 and 19, filed at ECF # 32-3, and 32-4.

     b.  Second, people associated with the defendant by ideology pose an

ongoing risk to the safety of witnesses and law enforcement officers.  For

example, immediately after the defendant was arrested, anonymous

online messages were posted directly threatening the officers involved in that arrest.  Anonymous users on a message board "Boogaloo thread" published the name, address, spouse's and children's and parents' names and locations, of a Colorado law enforcement officer who the users believed to be involved in the arrest of defendant.[1]  Another user posted, "the only logical response is to [raid] the homes of the agents, officers, and deputies in those jurisdictions" and "you will never win by playing defense. LEOs [Law Enforcement Officers] are far more vulnerable than citizens." (*See* Government's Exhibit 20, attached to this motion, filed under restriction).  These cannot be dismissed as idle threats.  The recent murder of a federal law enforcement officer confirms that statements from adherents of this ideology must be treated as authentic risks.[2]

15.    The government submits that protection is needed for the privacy and safety concerns of civilian and law enforcement witnesses.  Whether the threat comes from people with whom the defendant directly communicated about harming police, or from anonymous individuals who are ideologically inclined to attack police to force an armed reaction and civil war, the witnesses and officers in this case, and their families,

---

[1] Boogaloo is an anti-government extremist movement that expects a forthcoming civil war in the United States.  An examination of the ideology is available at https://www.bellingcat.com/news/2020/05/27/the-boogaloo-movement-is-not-what-you-think/ (last visited June 12, 2020).

[2] *See* "Alleged 'Boogaloo' extremist charged in killing of federal officer during George Floyd protest" available at https://www.nbcnews.com/news/us-news/airman-charged-killing-federal-officer-during-george-floyd-protests-california-n1231187 (last visited June 18, 2020).

can and should be protected from the dissemination of their identifiers outside of what is necessary for this litigation.  Accordingly, the Court should enter the proposed protective order.

Conclusion

For all of the foregoing reasons, the Court should grant this motion and enter the proposed, stipulated order that is attached hereto.

Respectfully submitted,
JASON R. DUNN
United States Attorney

By: _s/David A. Tonini_
DAVID A. TONINI
Assistant U.S. Attorney
United States Attorney's Office
1801 California, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0403
E-mail: David.Tonini@usdoj.gov
Attorneys for the Government

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of June, 2020, I electronically filed the foregoing **UNOPPOSED MOTION FOR AUTHORIZATION TO DISCLOSE GRAND JURY MATERIAL, TO UNRESTRICT DOCUMENTS IN PART, AND FOR A PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Matt Golla
    Matt_Golla@fd.org
    Attorney for Defendant Bunn


By: *s/David A. Tonini*
DAVID A. TONINI
Assistant U.S. Attorney