IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00158-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    BRADLEY BUNN,

    Defendant.

**GOVERNMENT'S RESSPONSE TO DEFEDNANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The United States of America respectfully submits this response in opposition to the Defendant's objections to the presentence report (Doc. 84).

1. **Objection # 1 Should be Overruled as Moot**.

Mr. Bunn objects to draft paragraphs 6 and 7 for lacking context about his adjustment to incarceration and his citation for being involved in a fight. In response, the Probation Officer provided sufficient context. Therefore, the Government submits that this objection is moot and should be overruled.

2. **Objection # 2 Should be Overruled**.

Mr. Bunn's second objection concerns draft paragraphs 125 through 128. His objection appears to have two parts. First, he disagrees with how the Probation Officer chose to apply applicable departure provisions. Second, he argues that the Court does

not have authority to depart under § 5K2.14 (Public Welfare).  Neither argument has merit and the objection should be overruled.

First, the District Court always retains discretion to reject or accept the probation officer's recommendation.  *See United States v. Davis*, 151 F.3d 1304, 1308 (10th Cir. 1998).  Therefore, a party's mere disagreement with the Probation Officer's sentencing recommendation is not a valid basis to excise it from the PSIR.

It is a requirement of the Probation Officer to "identify any basis for departing from the applicable sentencing range."  Fed.R.Crim.P. 32(d)(1)(E).  This officer did that.  He provided notice that § 5H1.11 (Military Service) and § 5K2.14[1] (Public Welfare) may be applicable.  Mr. Bunn does not identify any different departure provisions that he claims may be applicable.  On this basis, the PSIR is complete and the first part of objection 2 should be overruled.  The Probation Officer discharged his duty in writing the report and his recommendation should remain in the that report.

Second, the Court has authority to depart under § 5K2.14 (Public Welfare).  That section provides, "If national security, public health, or safety was significantly endangered, the court may depart upward to reflect the nature and circumstances of the offense."  U.S.S.G. § 5K2.14.  This upward departure has been applied and affirmed in the past when the district court found that pipe bombs significantly endangered public safety.  *See United States v. Stumpf*, 938 F.2d 172, 174 (10th Cir. 1991) (affirming application of

---

[1] The PSIR appears to have a typo in paragraph 128 where it references § 2K2.14 (Public Welfare).  That is not a valid section.  This should be § 5K2.14 (Public Welfare).

§ 5K2.14 when the district court found that public safety was significantly endangered by defendant possessing ten trip-wire pipe bombs).

More thorough analysis of this issue was provided by the Third Circuit in *United States v. Reichard*, 151 Fed. Appx. 200 (3rd Cir. 2005). Like defendant Bunn in this case, the defendant in *Reichard* argued that the district court erred by applying § 5K2.14 because "the factors supporting the departure were already accounted for in the Guidelines calculation." The Third Circuit rejected that argument, citing *United States v. Iannone*, 184 F.3d 214, 226 (3rd Cir. 1999). In *Iannone* the Third Circuit specified a methodology courts should follow in evaluating whether a departure is appropriate, specifically explaining:

> First, identify the factor or factors that potentially take the case outside the Guidelines' "heartland" and make it special or unusual. Second, determine whether the Guidelines forbid departures based on the factor, encourage departures based on the factor, or do not mention the factor at all. Third, apply the appropriate rule: (1) if the factor is forbidden, the court cannot use it as a basis for departure; (2) if the factor is encouraged, the court is authorized to depart if the applicable guideline does not already take it into account; (3) if the factor is discouraged, or encouraged but already taken into account by the applicable guideline, the court should depart only if the factor is present to an exceptional degree, or in some other way makes the case different from the ordinary case in which the factor is present; or (4) if the factor is unmentioned, "the court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, decide whether [the factor] is sufficient to take the case out of the Guideline's heartland."

*Iannone*, 184 F.3d at 226. The methodology defined by the Third Circuit is instructive in this case and supports the probation officer's application of the upward departure in this case. The prior detonation of one pipe bomb combined with possession of four destructive devices takes the defendant's case "out of the Guideline's heartland."

Moreover, the defendant's stockpile of weapons and additional bomb making materials further justify an upward departure.  When arrested on May 1, 2020, the defendant had loaded a multicam plate carrier with high-capacity rifle magazines, a knife, ballistic plates and a hydration source, and a belt with harness, assorted pouches, and a holster containing a Sig Sauer P320 handgun into his truck.  Taken with the defendant's stated intentions for these devices, which includes his preference for a bomb size that would "turn an entire shielded breach team into manageable sized parts for ziplock backs [bags] and 32 oz slurpee cups," the facts establish a basis for the upward departure under § 5K2.14 for public safety.  *See also United States v. Moses*, 05-CR-200, 2007 WL 42752, at *2 (E.D. Wis. Jan. 5, 2007) (In cases of illegal possession of destructive devices, noting that "[t]he Commission seems to view the heartland case as one where the possession does not pose a substantial risk to the public, as the Commission recommended an upward departure when such factors were present.")

Accordingly, the defendant's objection to the probation officer's application of the upward departure for public safety should be overruled.

**3.  Objections # 3 and 4 Should be Overruled as Moot**.

Mr. Bunn objects to draft paragraphs 22 and 59 for "Speculation" and "Inclusion of Prejudicial and Extraneous Information" about the defendant's relationships with both Mr. Chevy McGee and Ms. Mikal Trace Taylor.  Paragraph 22 describes the defendant's association with Mr. McGee, a like-minded person as it relates to his intentions in possessing weapons and destructive devices.  Thus, the information is relevant for the court's consideration pursuant to the factors enumerated in 18 U.S.C. § 3553(a)(1).

4

Similarly, paragraph 59 describes the defendant's relationship with a person he described at one point as his fiancé, Ms. Taylor. This too is relevant for the court's consideration pursuant to the factors enumerated in 18 U.S.C. § 3553(a)(1). Therefore, the Government submits that these objections are moot and should be overruled.

## CONCLUSION

For the foregoing reasons, the Government asks the Court to overrule Mr. Bunn's objections.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: *s/ Gregory A. Holloway*
Gregory A. Holloway
Assistant United States Attorney
United States Attorney's Office
1801 California, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Gregory.Holloway@usdoj.gov
Attorney for the Government

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of September, I electronically filed the foregoing **GOVERNMENT'S RESSPONSE TO DEFEDNANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Lisa A. Polansky
    Attorney for Defendant
    Email: lisa@polanskylawfirm.com


                                           By: *s/Greg Holloway*